[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 00-2413

ARTHUR E. CUTLER,

Plaintiff, Appellant,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

Arthur E. Cutler on brief pro se.
Donald K. Stern, United States Attorney, and Mary Elizabeth
Carmody, Assistant U.S. Attorney, on brief for appellees.

November 30, 2001

**Per Curiam**.  After carefully reviewing the briefs and record on appeal, we affirm the decision below.

The appellant argues that because the district court neither recited in its order that it had reviewed the record *de novo,* nor issued its own findings and rulings, we must conclude that it erroneously allowed the magistrate to finally decide the summary judgment motion without the appellant's consent.  28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Nothing in the relevant statute or rule, however, requires the court to issue its own findings or explain the scope of its review.  Elmendorf Graficia, Inc., v. D.S. America (East), Inc., 48 F.3d 46, 50 (1st Cir. 1995).

The appellant also argues that summary judgment was improper because of a factual dispute concerning whether a researcher properly invoked his right to withhold information by objecting to disclosure within the five days allotted by 45 C.F.R. § 5.65(d)(2).  As the magistrate stated, however, the date of the researcher's objection was irrelevant since the government could itself determine to withhold the information under 45 C.F.R. § 5.65(e)(1).

None of the appellant's remaining objections rise to the level of appellate argument.  <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990).

<u>Affirmed</u>.  Loc. R. 27(c).